993 F.2d 884
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Margarita ALVAREZ-GODOY, Defendant-Appellant.
 No. 89-50460.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 13, 1993.
 
 Before: BROWNING, KOZINSKI, and RYMER, Circuit Judges.
 MEMORANDUM**
 Margarita Alvarez-Godoy appeals from her 121-month sentence, imposed following a jury trial, for possession with intent to distribute and importation of heroin in violation of 21 U.S.C. §§ 841(a)(1), 952(a). Alvarez-Godoy contends that the district court erred by (1) failing to reduce her offense level under the United States Sentencing Guidelines for being a minimal participant in the offense, and (2) increasing her offense level for obstruction of justice based upon her testimony at trial. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 A. Mitigating Role
 
 1
 We review for clear error the district court's finding that a defendant was not a minor or minimal participant in the offense. United States v. Lui, 941 F.2d 844, 848 (9th Cir.1991).
 
 
 2
 A minimal participant is one who is "plainly among the least culpable of those involved in the conduct of a group," U.S.S.G. § 3B1.2, comment. (n. 1) (1988), and the downward adjustment for minimal participation is to used infrequently, id., comment. (n. 2).[1] The defendant bears the burden of proving her mitigating role. United States v. Sanchez, 908 F.2d 1443, 1449 (9th Cir.1990). "[A] defendant may be a courier without being either a minimal or a minor participant.... We have recognized that possession of a substantial amount of narcotics is grounds for refusing to grant a sentence reduction." Lui, 941 F.2d at 849. The district court is not obliged to accept the defendant's self-serving account of her role in the offense in the absence of other evidence to support her claim. Id.
 
 
 3
 Here, a customs inspector arrested Alvarez-Godoy at the Los Angeles International Airport after discovering four packages containing a total of 762 grams of heroin secreted in Alvarez-Godoy's brassiere and girdle. At trial, Alvarez-Godoy denied knowing that the packages contained contraband. She claimed that her boyfriend had given her the packages in Mexico and told her to bring them into the United States, and testified that she had not realized she was doing anything wrong by secreting the packages in her underwear. The jury disbelieved her story and she was convicted.
 
 
 4
 At sentencing, Alvarez-Godoy asked for a four-level downward adjustment because she was merely a courier for a larger drug ring and because she had smuggled a "relatively small" amount of heroin. The district court denied the adjustment, noting that the amount was not small and finding that Alvarez-Godoy had not met her burden of establishing her minimal or minor role. This finding was not clearly erroneous. See Lui, 941 F.2d at 849; United States v. Sanchez-Lopez, 879 F.2d 541, 557-58 (9th Cir.1989) (noting that 574 grams of heroin possessed by defendant was a "substantial" amount justifying denial of reduction for minor or minimal participation).
 
 B. Obstruction of Justice
 
 5
 We review for clear error the district court's determination that a defendant obstructed justice. United States v. Barbosa, 906 F.2d 1366, 1369 (9th Cir.), cert. denied, 498 U.S. 961 (1990).
 
 
 6
 The Guidelines provide for a two-level increase in a defendant's base offense level if she "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice" during prosecution of the offense. U.S.S.G. § 3C1.1. Perjury during trial constitutes obstruction of justice. Id., comment. (n. 1(c)); United States v. Dunnigan, 113 S.Ct. 1111, 1116-17 (1993) (holding that section 3C1.1 does not undermine the constitutional right to testify because "a defendant's right to testify does not include the right to commit perjury"). The district court must evaluate suspect testimony in the light most favorable to the defendant, U.S.S.G. § 3C1.1, comment. (n. 2), but in doing so, the district court is not required to believe the defendant's version of the truth, Barbosa, 906 F.2d at 1370. Rather, "if a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice...." Dunnigan, 113 S.Ct. at 1117. We give due regard to the district court's assessment of the trial witnesses' credibility. Barbosa, 906 F.2d at 1369-70.
 
 
 7
 Here, the district court enhanced Alvarez-Godoy's base offense level under section 3C1.1 after finding that she had committed perjury during her trial. The court specifically found that Alvarez-Godoy had lied by repeatedly asserting that she did not know that the packages she had secreted in her underwear contained contraband and did not know that she was doing anything illegal by bringing the packages into the United States. The district court did not merely rely on the fact of her conviction for this determination, but stated that "her testimony was a complete shield of lies" and "[t]he court as well as the jury found that testimony absolutely incredulous and perjurious." Alvarez-Godoy's assertions clearly concerned material issues in her trial. See Dunnigan, 113 S.Ct. at 1116. The district court did not clearly err by finding that she obstructed justice. See Barbosa, 906 F.2d at 1369-70.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As Alvarez-Godoy was sentenced August 30, 1989, we refer to the Guidelines effective November 1, 1988 which were applicable to her offense and sentencing. See 18 U.S.C. § 3553(a)(4) and (5)